IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE GOINS,<br>  Plaintiff,<br>          v.<br>UNITED STATES OF AMERICA,<br>  Defendant. | Civil Action No.<br>1:24-cv-03681-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant United States of America's motion to dismiss [ECF 4]. For the following reasons, the United States's motion is **GRANTED.**

**I.     Background**

This is a defamation case regarding allegedly false oral and written statements made by Christopher M. Joe, the original defendant in this case and a former federal employee,[1] about Plaintiff Danielle Goins's character and professional standing.[2] Goins, appearing *pro se*, originally brought this suit against Joe in the Magistrate Court of Gwinnett County, Georgia, alleging that Joe "falsely accused [Goins] of bullying and harassment at work" which "result[ed] in

---

[1]     ECF 3, ¶ 3.

[2]     Statement of Claim filed in Gwinnett County Magistrate Court, ECF 1-1.

1

damages to [Goins's] reputation and professional career."[3] Joe removed the case,[4] and the United States substituted as the defendant pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act).[5] The United States then moved to dismiss Goins's complaint for lack of subject matter jurisdiction.[6]

## II.     Applicable Legal Standard

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be based on a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). A facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and for purposes of the motion, the allegations in the complaint are taken as true. *Id.* at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)) (alterations omitted).

---

[3]  *Id.*

[4]  ECF 1.

[5]  ECF 3.

[6]  ECF 4.

By contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quoting *Lawrence*, 919 F.2d at 1529). In considering a factual attack on subject matter jurisdiction the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529 (citation omitted).

When a litigant chooses to proceed *pro se*, her pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

**III.     Discussion**

The United States's motion is due to be granted. Joe was acting within the scope of his employment as a federal employee when he allegedly defamed Goins, and therefore the United States is the proper defendant. And as the proper defendant, the United States has not waived sovereign immunity for defamation claims, so the Court lacks subject matter jurisdiction to consider this case. Because Goins's complaint is barred by sovereign immunity, the Court need not address whether she failed to exhaust her administrative remedies.

**A.     The United States was properly substituted as Defendant.**

The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022) (quoting *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1))). The Westfall Act "empowers the Attorney General to respond to a suit against a federal employee by certifying that an employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* (citing 28 U.S.C. § 2679(d)(1), (2)). Upon the Attorney General's

certification,[7] the defendant employee is dismissed from the action, and the United States is substituted in the employee's place. *Id.*

However, the Attorney General's Westfall Act certification remains subject to judicial review. *Id.* "If a plaintiff challenges the Attorney General's certification, the District Court must apply *de novo* review to the Attorney General's scope of employment certification." *Id.* At the same time, "because the Attorney General's certification serves as *prima facie* evidence that the conduct at issue occurred within the scope of employment, the 'burden of altering the status quo by proving that the employee acted outside the scope of employment is . . . on the plaintiff.'" *Id.* (omission in original) (quoting *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990), *amended,* 924 F.2d 1555 (11th Cir. 1991)).

Because the United States Attorney for the Northern District of Georgia has certified that Joe was acting within the scope of his federal employment at the time of the allegedly defamatory acts that are the subject of this lawsuit,[8] the United States was properly substituted as the Defendant in place of Joe. Indeed, Goins admitted in her opposition that Joe was working with her, as a federal employee,

---

[7] By regulation, the U.S. Attorney for the district where the civil action is brought is delegated authority to make the Westfall Act certification. 28 C.F.R. § 15.4(a).

[8] ECF 1-2.

when he committed the allegedly defamatory acts.[9] Goins's contention that Joe is no longer a federal employee is irrelevant, as the Westfall Act certification is appropriate where "the defendant employee was acting within the scope of his office or employment *at the time of the incident out of which the claim arose*." 28 U.S.C. § 2679(d)(1) (emphasis added). Thus, because Joe was acting within the scope of his employment when he allegedly defamed Goins, substitution of the United States was proper.

### B. The United States has not waived sovereign immunity, and the Court therefore lacks jurisdiction to consider this case.

Absent a waiver, sovereign immunity protects the federal government and its agencies from civil liability. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). As such, without a waiver, the Court lacks jurisdiction to consider a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides a limited waiver of sovereign immunity for tort claims made against the United States but is subject to enumerated exceptions in 28 U.S.C. § 2680. In particular, the waiver does not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or interference with contract rights." *Id.* § 2680(h) (emphasis added).

---

[9] ECF 5, at 1–2.

Goins asserts a defamation claim based on both written and oral statements made by Joe.[10] "The FTCA was enacted to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees," and the FTCA's "reference in § 1346(b)(1) to 'the law of the place where the act or omission occurred' means the law of the state where the alleged tort occurred." *Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015). While not explicit from the record, Goins's statement of claim only references locations in Georgia, and the documents she submitted with her opposition indicate that the alleged tort occurred at the VA Medical Center in Decatur, Georgia.[11] Thus, the question is whether Georgia law provides a tort cause of action for defamation. *Zelaya*, 781 F.3d at 1324.

Indeed, it does. Under Georgia law, "libel [and] slander are types of defamatory statements," and therefore "libel and slander are considered under the same umbrella as defamation." *Boley v. A-1 Horton's Moving Serv., Inc.*, 907 S.E.2d 372, 376 n.4 (Ga. Ct. App. 2024), *reconsideration denied* (Nov. 7, 2024). As libel and slander are expressly listed in § 2680(h) as exceptions to the FTCA's waiver of sovereign immunity, the Court therefore lacks subject matter jurisdiction over Goins's defamation claim. *See Smith v. Sec'y, U.S. Dep't of Com.*, 495 F. App'x 10, 12

---

[10]   ECF 1-1.

[11]   ECF 5, at 7.

(11th Cir. 2012) (citing 28 U.S.C. § 2680(h)) ("[Plaintiff's] tort claim for defamation was properly dismissed for lack of subject matter jurisdiction. The FTCA specifically states that it does not waive the United States' sovereign immunity for claims arising out of libel and slander.").

Taken together, because the United States is the proper defendant in this case but has not waived its sovereign immunity for libel and slander claims pursuant to 28 U.S.C. § 2680(h), this case must be dismissed for lack of subject matter jurisdiction.

## IV. Conclusion

The United States's motion to dismiss [ECF 4] is **GRANTED**. Goins's complaint is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in favor of the United States and close this case.

**SO ORDERED** this 27th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge